# UNITED STATES DISTRICT COURT

SOUTHERN  District of  OHIO

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | (For Organizational Defendants) |
| Kinder Caviar, Inc. | CASE NUMBER: 1:11cr035-1 |
| | Christopher Jackson, Esq. |
| | Defendant Organization's Attorney |

**THE DEFENDANT ORGANIZATION:**

X  pleaded guilty to count(s)  2 of the Superseding Indictment

☐  pleaded nolo contendere to count(s) ___
which was accepted by the court.

☐  was found guilty on count(s) ___
after a plea of not guilty.

The organizational defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 16 USC 3372(d)(1); 3373(d)(3)(A)(i) & (ii); & 18 USC 2 | Lacey Act False Labeling | 3/9/2011 | 2 |

The defendant organization is sentenced as provided in pages 2 through  5  of this judgment.

☐  The defendant organization has been found not guilty on count(s) ___

X  Count(s)  1-3 of Ind.; 1 & 3 of Superseding Ind.  ☐ is  X are  dismissed on the motion of the United States.

It is ordered that the defendant organization must notify the United States attorney for this district within 30 days of any change of name, principal business address, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant organization must notify the court and United States attorney of material changes in economic circumstances.

Defendant Organization's
Federal Employer I.D. No.:  20-579-0438

Defendant Organization's Principal Business Address:

5810 Squiresville Road

Owenton, Kentucky 40359

July 17, 2012
Date of Imposition of Judgment

*[Signature]*
Signature of Judge

Michael R. Barrett, United States District Judge
Name and Title of Judge

*[handwritten date]* July 17, 2012
Date

Defendant Organization's Mailing Address:

same as above

DEFENDANT ORGANIZATION:   Kinder Caviar, Inc.
CASE NUMBER:   1:11cr035-1

# PROBATION

The defendant organization is hereby sentenced to probation for a term of :

Count 2: Thirty-Six (36) months

The defendant organization shall not commit another federal, state or local crime.

If this judgment imposes a fine or a restitution obligation, it is a condition of probation that the defendant organization pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant organization must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page (if indicated below).

See page 3.

# STANDARD CONDITIONS OF SUPERVISION

1) within thirty days from the date of this judgment, the defendant organization shall designate an official of the organization to act as the organizations's representative and to be the primary contact with the probation officer;

2) the defendant organization shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

3) the defendant organization shall notify the probation officer ten days prior to any change in principal business or mailing address;

4) the defendant organization shall permit a probation officer to visit the organization at any of its operating business sites;

5) the defendant organization shall notify the probation officer within seventy-two hours of any criminal prosecution, major civil litigation, or administrative proceeding against the organization;

6) the defendant organization shall not dissolve, change its name, or change the name under which it does business unless this judgment and all criminal monetary penalties imposed by this court are either fully satisfied or are equally enforceable against the defendant's successors or assignees; and

7) the defendant organization shall not waste, nor without permission of the probation officer, sell, assign, or transfer its assets.

DEFENDANT ORGANIZATION: Kinder Caviar, Inc.
CASE NUMBER: 1:11cr035-1

# ADDITIONAL PROBATION TERMS

1. Black Star Caviar, including its employees and agents, shall be prohibited from applying for or receiving a CITES Export Permit during the term of probation.

2. Black Star Caviar will not fish anywhere on the Ohio River east of the border between Indiana and Ohio.

3. Black Star Caviar will maintain and use a Global Positioning Satellite (GPS) device whenever fishing on the Ohio River, and use the GPS device to record all areas traveled in and fished as evidence that no illegal fishing occurs. The GPS records will be maintained throughout the period of probation.

4. The financial records will be made available to the probation officer upon request.

DEFENDANT ORGANIZATION: Kinder Caviar, Inc.
CASE NUMBER: 1:11cr035-1

# CRIMINAL MONETARY PENALTIES

The defendant organization must pay the following total criminal monetary penalties under the schedule of payments on Sheet 4.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 125.00 | $ 5,000.00 | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant organization shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant organization makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant organization shall pay interest on restitution or a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 4 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant organization does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT ORGANIZATION:   Kinder Cariar, Inc.
CASE NUMBER:   1:11cr035-1

# SCHEDULE OF PAYMENTS

Having assessed the organization's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** [X] Lump sum payment of $ __5,125.00__ due immediately, balance due

    [ ] not later than _____ , or
    [X] in accordance with  [ ] C or  [X] D below; or

**B** [ ] Payment to begin immediately (may be combined with  [ ] C or  [ ] D below); or

**C** [ ] Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** [X] Special instructions regarding the payment of criminal monetary penalties:

The fine amount of $5,000.00 shall be made to the U.S. Fish & Wildlife Lacey Act Reward Account at $160.00 per month.

ATTN: Lacey Act Reward Account, U.S. Fish & Wildlife Service, Cost Accounting Section, P.O. Box 272065, Denver, Colorado 80227-9060

All criminal monetary penalties are made to the clerk of the court.

The defendant organization shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant organization shall pay the cost of prosecution.

[ ] The defendant organization shall pay the following court cost(s):

[X] The defendant organization shall forfeit the defendant organization's interest in the following property to the United States:
2006, 24 foot Sea Ark, Hull Identification Number: SOM30322J607, Model Number 2472MV, Kentucky registration sticker KY0505HK with an Evinrude 115 horsepower motor, Serial Number 63500059

1997 Ford, Vehicle Identification Number: 1FTHX26F9VEB25952; Kentucky Farm license plate 266094.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.